**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

In re:

DANIEL AUDETAT                                  Case No. 17-26987
                                                (Chapter 7)
       Debtor.

DANIEL AUDETAT                                  Adv. No. _____

       Plaintiff,

v.

UNITED STATES OF AMERICA

And

STATE OF WISCONSIN

       Defendants.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX DEBT**
**AND VALIDITY, PRIORITY AND EXTENT OF LIEN**

Daniel Audetat (the "Plaintiff"), for his Complaint To Determine Dischargeability Of Tax Debt pursuant to 11 U.S.C. § 523(a)(1)(A) and to determine the validity, priority and extent of lien, hereby avers as follows:

JURISDICTION, VENUE

1.    This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157(a), and Local Rule 402 of the United States District Court for the District of Maryland.

2.    Venue of this proceeding is proper in this Court pursuant to the provisions of 28 U.S.C. § 1409(a).

3. This proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(I).

4. The Plaintiff is an individual residing on 207 S 5th St., Apt. 17, Milo, IA 50166.

5. The Defendant United States of American ("USA") through its agency the Internal Revenue Service is a taxing authority.

6. The Defendant the State of Wisconsin ("State") through its agency the Wisconsin Department of Revenue, is a taxing authority.

7. On or about December 20, 2017 (the "Petition Date"), the Plaintiff filed a petition in this Court seeking relief under Chapter 7 of the Bankruptcy Code.

**First Claim For Relief**
**Determination of Dischargeability of USA Tax Debt**

8. In his schedules of liabilities filed with the Court, the Plaintiff scheduled a claim in favor of Internal Revenue Service for taxes, penalties, and interest due and owing to the USA for the following years and amounts:

| Year | Amount |
| --- | --- |
| 2013 | $123,640.95 |

9. The year 2013, for which the USA asserts unpaid taxes that are the subject of this complaint, is hereinafter referred to as the "USA Tax Year".

10. All principal, interest, penalties and other charges due and owing by the Plaintiff to the USA for income tax obligations arising during the USA Tax Year are hereinafter collectively referred to as the "USA Tax Debt".

11. All of the USA Tax Debt is measured by income or gross receipts for the Plaintiff for a taxable year ending on or before the Petition Date for which a return was last due, including extensions, before three years before the Petition Date.

12. All of the USA Tax Debt was assessed prior to 240 days before the Petition Date.

13. The Plaintiff filed returns for all of the USA Tax Years at least two (2) years before the Petition Date.

14. The USA Tax Debt does not fall within any of the exclusions for dischargeability of indebtedness contained in Section 523(a) of the Bankruptcy Code.

WHEREFORE, the Plaintiff requests that this Court enter Judgment determining that entry of a discharge order in this case will discharge the USA Tax Debt and grant such other and further relief as this Court deems just and proper.

## Second Claim For Relief
## Determination of Validity, Priority and Extent of USA Tax Lien

15. The Plaintiff hereby incorporates the averments of paragraphs 1 through 14 above as though fully set forth herein.

16. The Plaintiff is informed and believe, and thereupon alleges, that USA asserts tax liens against all of the Plaintiff's property under applicable law (the "USA Tax Liens").

17. The USA Tax Liens, if any, attach to the Plaintiff's property listed on his Schedules A and B (the "Liened Property").

18. Upon discharge of the USA Tax Debt, the USA Tax Liens do not extend to any property of the Plaintiff other than the Liened Property.

WHEREFORE, the Plaintiff requests that this Court enter Judgment determining that the USA Tax Liens extend solely to the Liened Property and to no property acquired after the Petition Date by the Plaintiff and grant such other and further relief as this Court deems just and proper.

## Third Claim For Relief
## Determination of Dischargeability of Wisconsin Tax Debt

19. The Plaintiff hereby incorporates the averments of paragraphs 1 through 18 above as though fully set forth herein.

20. In his schedules of liabilities filed with the Court, the Plaintiff scheduled a claim in favor of the State for taxes, penalties, and interest due and owing to the State for the tax year 2013 (hereafter, the "State Tax Year") in the amount of $31,158.64.

21. All principal, interest, penalties and other charges due and owing by the Plaintiff to the State for income tax obligations arising during the State Tax Year are hereinafter collectively referred to as the "State Tax Debt".

22. All of the State Tax Debt is measured by income or gross receipts for the Plaintiff for a taxable year ending on or before the Petition Date for which a return was last due, including extensions, before three years before the Petition Date.

23. All of the State Tax Debt was assessed prior to 240 days before the Petition Date.

24. The Plaintiff filed returns for all of the State Tax Years at least two (2) years before the Petition Date.

25. The State Tax Debt does not fall within any of the exclusions for dischargeability of indebtedness contained in Section 523(a) of the Bankruptcy Code.

WHEREFORE, the Plaintiff requests that this Court enter Judgment determining that entry of a discharge order in this case will discharge the State Tax Debt and grant such other and further relief as this Court deems just and proper.

### Fourth Claim For Relief
### Determination of Validity, Priority and Extent of Maryland Tax Lien

26. The Plaintiff hereby incorporates the averments of paragraphs 1 through 25 above as though fully set forth herein.

27. The Plaintiff is informed and believes, and thereupon alleges, that the State may assert tax liens against all of the Plaintiff's property under applicable law (the "State Tax Liens").

28. The State Tax Liens, if any, only attach to the Liened Property.

29. Upon discharge of the State Tax Debt, the State Tax Liens do not extend to any property of the Plaintiff other than the Liened Property.

WHEREFORE, the Plaintiff requests that this Court enter Judgment determining that the State Tax Liens extend solely to the Liened Property and to no property acquired after the Petition Date by the Plaintiff and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Ronald J. Drescher*
RONALD J. DRESCHER
Bar No. 08712
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000

Counsel for the Plaintiff